WILLIAM M. HOPE and HENRY RIDGELY *vs.* GEORGE BURTON.

1. ATTORNEY AND CLIENT—COMPENSATION OF ATTORNEY—REASONABLE COMPENSATION.

An attorney at law is entitled to a reasonable compensation for professional services rendered to another, and in determining what is the reasonable value of the services, which varies with the magnitude and the importance of the particular case, the degree of responsibility attaching to its management, the difficulty of the questions involved, the ability and reputation of counsel engaged, and the amount of labor bestowed may be considered.

2. ATTORNEY AND CLIENT—ACTIONS FOR ATTORNEYS' COMPENSATION—EVIDENCE—OPINION OF CLIENT.

In an action by attorneys for their compensation, testimony by the defendant that he regarded the amount of plaintiffs' claim as a joke and as unreasonable, and that he thought he had been overcharged, has no probative force or value.

3. TRIAL—VERDICT—DETERMINATION.

In all civil actions the verdict of the jury should be in accordance with the preponderance of the evidence.

(*May* 4, 1914.)

Judges BOYCE and CONRAD sitting.

*John B. Hutton* for plaintiffs.

*James H. Hughes*,. attorney for pleading to issue; the defendant preferring to conduct his own defense thereafter.

Superior Court, Kent County, April Term, 1914.

Assumpsit (No. 45, February Term, 1914) by William M. Hope and another against George Burton to recover fees for services as attorneys at law, rendered to defendant.

The defendant had counsel for pleading to issue, but preferred to conduct his own defense thereafter.

The case is stated in the charge of the court.

Boyce, J., charging the jury:

Gentlemen of the jury:—This is an action of assumpsit on the common counts brought by the plaintiffs against the defendant to recover the value of services rendered for him as attorneys at law in the defense of a will contest and in connection with certain other matters testified to by the plaintiffs.

The defendant, a layman, employed counsel to plead this case to issue only and then on his own volition he assumed personal charge thereof, which he has undertaken to conduct here at the trial. The defense relied upon is the general issue of non assumpsit. The defendant concedes that he retained the plaintiffs in defense of the will contest which resulted in his favor and in connection with the other matters detailed by the plaintiffs. There is no suggestion that the services were rendered gratuitously, but it is admitted by the defendant that he did make inquiry of his attorneys at or about the time of their engagement, and perhaps one or more times thereafter, respecting the compensation which they would expect for their services and that no amount was agreed upon.

The plaintiffs gave testimony at much length as to the kind and character of the services rendered and also as to the time consumed by them.

[1] An attorney at law when retained by another is entitled to fair and reasonable compensation for professional services rendered, and he may maintain an action therefor. In the absence of an express agreement, there is no fixed standard by which the value of the services of an attorney can be determined. Their value and reasonable price may vary with the magnitude and importance of the particular case, the degree of responsibility attaching to its management, the difficulty of the questions in-

volved, the ability and reputation of counsel engaged, the labor bestowed, and other matters which will readily occur, especially to members of the profession. *Lawson, Exp. Ev. rule* 21.

The plaintiffs have testified as to the nature and importance of the matters relative to which they rendered services for the defendant; likewise as to the character of the issues and the amount involved, labor bestowed, and time required; and also that their services are reasonably worth the sum of three thousand dollars, the amount which they claim in this action. Testimony of other members of the bar of skill and experience has been introduced to the effect that the claim of the plaintiffs is fair and reasonable. The defendant does not deny or attempt to disprove that the plaintiffs were retained by him as his counsel or that the services for which this action was brought were not rendered. He does not even suggest that the plaintiffs did not exercise reasonable diligence and skill, and he has not offered any legal evidence in depreciation of the value of the services upon a *quantum meruit*.

[2] It was competent for the defendant, under the pleadings in this case, to disprove the plaintiffs' claim in whole or part, if he could do so. It is true, the defendant testified to the effect that when the plaintiffs made known to him the amount of their claim, he regarded it as a joke, and he considers the amount claimed unreasonable. He has merely expressed an opinion claiming that he has been overcharged. This has no probative force or value—that is, it proves nothing.

Counsel for the plaintiffs has withdrawn his motion for binding instructions, and the case goes to you upon the evidence before you and you are to decide the case in accordance with the evidence as given.

[3] In all civil actions, the verdict of the jury should be in accordance with the preponderance of the evidence, and that is our charge to you in this case.

Verdict for plaintiffs.